CASE 47—PETITION ORDINARY—Nov. 6.

## Smith v. McClelland.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. INFRINGEMENT OF PATENT RIGHTS.—The acts of congress have vested the federal courts with exclusive cognizance of all infringements of patent rights. (Parsons v. Barnard, 7 John. 144.)

*The state courts have no jurisdiction* of actions for an infringement of the rights secured by a patent.

YOUNG & BOYLE, . . . . . . . . . . . For Appellant,

CITED

Constitution of U. S., art 1, sec. 8; art. 3, secs. 1, 2.
Act of Congress July 4, 1836, chap. 357, sec. 17.
3 Comstock, 9, Dudley v. Mayhew.
7 Johns. 144, Parsons v. Barnard.
8 Paige, 152, Gibson v Woodworth.

4 Abb. Prac. 266, Tomlinson v. Ballett.
38 Barbour, 212, Snow v. Judson.
35 Texas, 556, Stone v. Edwards.

BARR, GOODLOE & HUMPHREY, . . . . . For Appellee,

CITED

Curtis on Patents, sec. 496.
3 McLean, 523, Brooks v. Stolley.
8 Ind, 79, McClure v. Jeffrey.
1 Conn. 342, Bull v. Pratt.
9 Vermont, 176, Storms v. Head.
33 Ill. 354, Williams v. Young, adm'r.
33 Ala. 327, Black v. Stone & Co.
41 New York, 364, Union Man. Co. v. Louisburg.
17 Ark. 9, Brom v. Wright.
39 Ind. 16, Rose v. Hundley.
33 Md. 162, Griff v. Hausel.
14 Ala. 167, McMahon v. Tyng.
15 Gray, 300, Gale v. Nourse.
15 Gray, 303, Foss v. Richardson.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

McClelland, the appellee, obtained two patents in December, 1869, one for an improved material for dental plates, and the other for an improvement in preparing compounds containing *collodion.*

In March, 1871, McClelland sold to Smith one undivided half interest in said patents in consideration of three thousand dollars cash, and seven thousand dollars at a future time agreed upon, perhaps out of the profits to be realized from the preparation and sale of the materials, which the parties agreed to manufacture jointly and on their joint account, and McClelland furnished the formula, and furnished and explained a machine which he had invented for mixing said compound known as "*rose pearl.*"

Subsequently the parties rescinded the contract, and Smith surrendered back to McClelland all interest and claim to any right in said patents, and McClelland released him from the payment of the $7,000, or any part thereof, and returned to

him all of the $3,000 paid when the original contract was made, except $800, for which sum he executed two notes for $400 each, one payable eight and the other twelve months from date. The note for the first installment was paid at maturity; the other McClelland failed to pay, and in the suit instituted against him to coerce its payment he filed an answer in which the foregoing facts are alleged; and, further, that notwithstanding he and Smith had rescinded their contract, that the latter had continued to manufacture, use, and vend a compound inferior in quality, but substantially the same as the compound for which he (McClelland) had obtained his patents as aforesaid; that Smith was not only using said compound, but was then engaged in manufacturing it and selling it to dentists as his (Volney Smith's) *"improved compound for dental purposes,"* in violation of his contract of rescission, and has thereby infringed his patent rights; that Smith availed himself of the knowledge acquired from McClelland under the first contract with him to mix and manufacture said compound, without which he would not have been able to make it, and that he is using that knowledge in violation of said contract, and is infringing his rights to his great damage; that he is a non-resident and insolvent. He pleads this demand as a set-off against the demand of Smith, and prays for all proper relief.

The law and facts were submitted to the vice-chancellor without the intervention of a jury, who was of the opinion that Smith had violated his contract with McClelland, by using and vending the articles for which the latter had obtained the patent rights, and that the damage was equal to the amount of the note sued on, and dismissed the petition; and Smith has appealed.

It is contended by the counsel for appellant that the state courts have no jurisdiction of the matter pleaded in the answer.

The 17th section of an act of congress to promote the progress of useful arts, approved July 4, 1836 (Sess. Acts, p. 244),

provides that all actions, suits, controversies, and cases arising under any law of the *United States,* granting or confirming to inventors the exclusive right to their inventions or discoveries, *shall be originally cognizable* as well in equity as at law by the circuit courts of the *United States,* or any district court having the power or jurisdiction of a circuit court. . . . .

In Dudley v. Mayhew (3 Comstock, 17) the court held that the exclusive right of an inventor to make and vend his newly-discovered implements is *wholly* statutory. The constitution of the *United States* has vested the power of creating and molding it in the general government. Whether concurrent power to legislate on the subject was reserved to the *states,* it is not necessary to inquire, for if it was, it has never been exercised by the state. But it has been fully and satisfactorily exercised by the *congress* of the *United States,* and the existing inventors depend wholly upon its enactments. The act of congress of 1836 gives to patentees all the protection and encouragement they can reasonably desire. Competent tribunals are designated in the act to enforce its provisions, and in terms which may well be construed to indicate an intention to confine judicial action in such cases to them.

Some of the designated remedies too are peculiar, and not such as are furnished in the same form by common law, and can be enforced in the manner indicated only by courts whose proceedings can be controlled by congressional legislation.

Even under the former patent law, which was by no means as strongly indicative of the exclusive action of the federal courts, Chief Justice Kent thought that the state tribunals could not take notice of a patent right. His language in Livingston v. Van Ingen (9 John. 582) is, if the respondents were in possession of a patent the state courts could not take notice of it. They can not enforce a patent right, nor can they declare a patent void if obtained by fraud or imposition.

The acts of congress have vested the federal courts with

exclusive cognizances of all infringements of patent rights, and such was the opinion and decision of the Supreme Court of the state in the case of Parsons v. Barnard (7 John. 144).

If the right to legislate on the subject has been reserved to the states Kentucky has not exercised that right, and if the patent rights of appellee have been violated or infringed (and the injury complained of is an infringement of the rights secured to him by his patents), his remedy must be in the tribunals provided by the acts of congress, as the courts of this state have no jurisdiction of the subject-matter.

Wherefore the judgment of the vice-chancellor is reversed and the cause is remanded with directions to dismiss the set-off relied upon in the answer, and for further proceedings conformable hereto.